UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES<br><br>                    Plaintiff,<br><br>         - against -<br><br>MARVIN MOY<br><br>                    Defendant. | **ORDER**<br><br>(S3) 22 Cr. 19 (PGG) |

PAUL G. GARDEPHE, U.S.D.J.:

Defendant Marvin Moy is charged with conspiracy to commit healthcare fraud, healthcare fraud, and conspiracy to commit money laundering. ((S3) Indictment (Dkt. No. 282)) The Indictment alleges that Defendant Moy – a medical doctor – assisted his co-conspirators in operating medical clinics that committed insurance fraud. (See id. ¶¶ 1-3) He was arrested and presented to a magistrate judge on January 21, 2022, and was later released on a personal recognizance bond. (Dkt. No. 16)

On October 13, 2022 – while Defendant Moy was on pretrial release – his fishing boat allegedly collided with a commercial container vessel and sank approximately 25 miles southeast of Fire Island, New York. (Def. Oct. 16, 2022 Ltr. (Dkt. No. 545) at 1) Moy was one of two passengers on the fishing boat at the time. Moy's companion was rescued by the Coast Guard, but Moy has been missing ever since the alleged incident. (See id.)

Defense counsel has requested that a bench warrant issued for Moy be vacated, and that all charges against him be dismissed. (Def. Oct. 30, 2023 Ltr. (Dkt. No. 262) at 1-2) For the reasons stated below, Defendant's application will be denied.

## BACKGROUND

### I.    MOY'S DISAPPEARANCE

Defense counsel notified the Court of Moy's disappearance in an October 16, 2022 letter:

> On Thursday, October 13, 2022, shortly after midnight, Dr. Moy and a friend were involved in a boating accident in which Dr. Moy's fishing boat collided with a commercial container vessel about 25 miles southeast of Fire Island. At approximately 12:30 a.m., either Dr. Moy or his friend transmitted a signal from the boat's Emergency Position Indicating Radio Beacon ("EPIRB") which alerted the U.S. Coast Guard of the emergency and of the location of the boat. The Coast Guard immediately launched a search and rescue operation, deploying an airplane, helicopter, and a motor lifeboat to scour the area.
>
> At approximately 7:00 a.m., the Coast Guard located and rescued Dr. Moy's friend and brought him to the hospital. Dr. Moy's friend reportedly had significant, but non-life-threatening injuries. The Coast Guard did not find Dr. Moy. By 9 p.m. on Thursday night, the Coast Guard had located debris from the boat and recovered the EPIRB and an empty life raft. Dr. Moy, however, was still missing. After continuing its search with boats and aircraft through the night, covering a total of 4,830 square nautical miles, the Coast Guard was unable to locate Dr. Moy and suspended its search. The Coast Guard is continuing its investigation into the cause of the accident. According to the Coast Guard, Dr. Moy's boat sank within 15 minutes after the collision.

(Def. Oct. 16, 2022 Ltr. (Dkt. No. 545) at 1-2)

On October 24, 2022, at the Government's request, this Court issued a bench warrant for Defendant Moy's arrest. (Oct. 24, 2022 Arrest Warrant)

In a November 7, 2023 letter, the Government expressed concern about the "unusual circumstances of the boating accident and possible incentives for the defendant to create an appearance of death." (Govt. Nov. 7, 2023 Ltr. (Dkt. No. 268) at 1)  In discussing the circumstances of the alleged boating accident, the Government cites to a December 22, 2022 New York Times article, The Mysterious Case of the Doctor Who Disappeared at Sea, which provides background information concerning the incident. (Id. (citing Michael Wilson, The

2

Mysterious Case of the Doctor Who Disappeared at Sea, N.Y. TIMES (Dec. 22, 2022) (hereinafter "2022 N.Y. TIMES Article")))

According to the New York Times article, Moy "was a regular fixture at the Center Yacht Club in the hamlet of Moriches[, Long Island]." (See Govt. Nov. 7, 2023 Ltr. (Dkt. No. 268) (citing 2022 N.Y. TIMES Article)) In early October 2022, Moy invited at least four friends to join him on a five or six-hour trip to the Hudson Canyon, a popular fishing spot located off the coast of Fire Island. (See id. (citing 2022 N.Y. TIMES Article)) All four declined. On October 12, 2022, Moy left the Center Yacht Club in his fishing boat with "a new acquaintance, Max Wong, a 36-year-old nurse in Queens" and "newcomer to the marina." (See id. (citing 2022 N.Y. TIMES Article))

Night had fallen by the time Moy and Wong were on their way back to the Center Yacht Club. (See id. (citing 2022 N.Y. TIMES Article)) Moy's fishing vessel – the "Sure Shot" – was about an hour away from the club when, just after midnight, a distress signal was transmitted from the vessel to the Coast Guard. (See id. (citing 2022 N.Y. TIMES Article)) "The Coast Guard quickly dispatched pilots who spotted an oil slick, a floating white cooler and a lone man – Mr. Wong, the nurse" – who clung to the case holding the fishing boat's inflatable life raft. (See id. (citing 2022 N.Y. TIMES Article)) Coast Guard personnel pulled Wong from the water. "He was badly cut about the face," but he "was conscious and appeared lucid." (See id. (citing 2022 N.Y. TIMES Article)) Wong told Coast Guard personnel "that the boat [he and Moy] had been [in was] struck by a much larger vessel[,] and said he had last seen Dr. Moy alive," floating on a life ring. (See id. (citing 2022 N.Y. TIMES Article))

The Coast Guard search for Moy continued through October 13, 2022, and into the afternoon of October 14, 2022. (See id. (citing 2022 N.Y. TIMES Article)) At about

1:03 p.m. on October 14, 2022, the Coast Guard suspended its search. (See id. (citing 2022 N.Y. TIMES Article))

Wong reported to a member of the marina that he "got seasick at the end of the trip and [] stopped fishing." (See id. (citing 2022 N.Y. TIMES Article)) He then fell asleep on a bench and awoke to the impact of a collision. (See id. (citing 2022 N.Y. TIMES Article)) "[D]ebris were flying everywhere." (See id. (citing 2022 N.Y. TIMES Article)) "[Moy] told me he was hurt. I tried to call mayday but all electronic[s] were down." (See id. (citing 2022 N.Y. TIMES Article))

The Coast Guard could not verify Wong's story. "No ship reported striking another vessel in that area that morning." (See id. (citing 2022 N.Y. TIMES Article)) And while investigators identified three ships that were in the vicinity of Moy's fishing boat, there was no evidence that any of these ships had struck Moy's vessel. (See id. (citing 2022 N.Y. TIMES Article)) When the Coast Guard responded to the Sure Shot's distress signal, Coast Guard personnel observed only an oil slick and scattered debris. (See id. (citing 2022 N.Y. TIMES Article); July 11, 2025 Hearing Tr. at 7:15-19) Neither Moy's body nor his fishing vessel was seen or recovered. (See July 11, 2025 Hearing Tr. at 7:19-20; Def. Oct. 16, 2022 Ltr. (Dkt. No. 545) at 4; Letter of Presumed Death (Dkt. No. 262-1))

The New York Times article also highlights Moy's incentives to disappear. At the time of the incident, Moy was embroiled in a contentious, five-year-long divorce proceeding. (See Govt. Nov. 7, 2023 Ltr. (Dkt. No. 268) (citing 2022 N.Y. TIMES Article)) At stake was, inter alia, custody of the couple's twelve-year-old daughter and control over Moy's financial assets. (See id. (citing 2022 N.Y. TIMES Article)) In connection with the divorce proceedings, Moy had "cycled through several lawyers, [and] ow[ed] one firm more than

4

$69,000, according to a lawsuit against him." (See id. (citing 2022 N.Y. TIMES Article)) Moy also faced a lengthy prison sentence if convicted of the charges against him in the instant case, as well as the loss of his medical license. (See id. (citing 2022 N.Y. TIMES Article))

## II.    MOTION TO DISMISS

On October 30, 2023, Moy's counsel moved "pursuant to the doctrine of abatement" to (1) dismiss the (S3) Indictment and all prior charging instruments as to Moy; (2) vacate the bench warrant for Moy; and (3) close this case as to Moy. (Def. Oct. 30, 2023 Ltr. (Dkt. No. 262)) In support of the motion, defense counsel submitted a "Letter of Presumed Death" issued by the Coast Guard. In this letter, the Coast Guard reports that its search for Moy was unsuccessful and that he is "presumed dead." (Dkt. No. 262-1)

In a November 7, 2023 letter, the Government opposes defense counsel's application, arguing that – in the absence of a death certificate issued by the State of New York – the Coast Guard's "Letter of Presumed Death" is "not conclusive as to the death of the defendant." (Govt. Nov. 7, 2023 Ltr. (Dkt. No. 268)) The Government contends that, "in light of the widely reported, unusual circumstances of the boating accident and possible incentives for the defendant to create an appearance of death," defense counsel's motion should be denied. (Id. (citing 2022 N.Y. TIMES Article))

In a March 4, 2025 order, this Court directed the Government to make an updated submission "concerning the circumstances of Defendant Moy's disappearance." (Dkt. No. 517)

In an April 4, 2025 submission, the Government reports that it is not aware of evidence suggesting that Moy is alive, that it is considering submitting a nolle prosequi, and that it has been in discussions with defense counsel about procuring a death certificate. (Govt. Apr. 4, 2025 Ltr. (Dkt. No. 524))

5

In a July 8, 2025 letter, defense counsel states that he has agreed to assist Moy's sister in obtaining a death certificate. (Def. July 8, 2025 Ltr. (Dkt. No. 530))

On July 11, 2025, this Court held a conference concerning the circumstances of Moy's disappearance and the status of counsel's effort to obtain a death certificate. (See July 11, 2025 Min. Entry) The Government described its efforts to locate Moy, including its interview of Mr. Wong – the other passenger on Moy's fishing boat at the time of the alleged accident.[1] The Government also disclosed that it had taken steps to determine whether Moy had sought medical treatment since the alleged accident. (July 11, 2025 Hearing Tr. at 5:25-6:22) As discussed in the New York Times article, Moy was diagnosed with pancreatic cancer in 2008. (See Govt. Nov. 7, 2023 Ltr. (Dkt. No. 268) (citing 2022 N.Y. TIMES Article)) Although Moy "was in some form of remission," he required "regular medical treatment." (July 11, 2025 Hearing Tr. at 6:16-18) The Government is not aware of any evidence that Moy has sought or obtained such treatment since the boating incident, at least in the United States. (See id. at 6:16-22) "Given all of those circumstances, [the Government does not] have any reason to believe that [Moy] is still alive." (Id. at 6:23-24)

The Government went on to say that – if defense counsel produced a death certificate for Moy – the Government would submit a nolle prosequi to the Court. (Id. at 6:25-7:6) Defense counsel responded that he was preparing a petition to obtain a death certificate, and that he expected the process to take approximately three to six months. (Id. at 7:21-8:7) The Court directed defense counsel to "submit a status report concerning his efforts to obtain a death certificate for the Defendant" by October 10, 2025. (Order (Dkt. No. 534))

---

[1] The Government noted that it had "some questions about [Wong's] credibility," stating that he may have been intoxicated at the time of the alleged incident. (July 11, 2025 Hearing Tr. at 6:3-8)

In an October 15, 2025 letter, defense counsel advised the Court that he would not be filing a petition to obtain a death certificate for Moy, explaining that doing so would not be consistent with his ethical obligations to his current clients – Moy's sister and aunt – who might face adverse action from Moy's creditors. (Def. Oct. 15, 2025 Ltr. at 1; see also Def. Nov. 5, 2025 Ltr. (Dkt. No. 543) at 1) Defense counsel goes on to argue "that the record already contains substantial evidence supporting dismissal of the Indictment under the abatement doctrine." (Def. Oct. 15, 2025 Ltr. at 1)

In a November 4, 2025 letter, the Government opposes dismissal of the charges against Moy. (Govt. Nov. 4, 2025 Ltr. (Dkt. No. 542)) The Government contends that defense counsel's "position is strategic," because counsel seeks both to benefit Moy – through the dismissal of charges against him – and simultaneously "deny rights to his creditors," including "the victims of his fraud scheme, who would be entitled to restitution if Moy is located and convicted; and who also may be entitled to creditor status with respect to his estate if the death certificate issues." (Id. at 1)

In a November 5, 2025 letter, defense counsel cites "the ethical conflict that prevents [him] from filing a declaration-of-death petition on behalf of Dr. Moy's sister and aunt," who have asked him not to do so. (Def. Nov. 5, 2025 Ltr. (Dkt. No. 543) (citing New York Rules of Professional Conduct 1.2(a), 1.6(a), 1.7(a)(1)))

## DISCUSSION

### I.    LEGAL STANDARD

"'The dismissal of an indictment is an extraordinary remedy reserved only for extremely limited circumstances implicating fundamental rights.'" United States v. Benjamin, 95 F.4th 60, 66 (2d Cir.), cert. denied, 145 S. Ct. 982 (2024) (quoting United States v. De La Pava, 268 F.3d 157, 165 (2d Cir. 2001)); see also United States v. Walters, 910 F.3d 11, 26 (2d

Cir. 2018) ("[T]he exercise of a court's supervisory authority to dismiss an indictment is a 'drastic remedy' that should be utilized with caution and only in extreme cases.") (quoting United States v. Brown, 602 F.2d 1073, 1076 (2d Cir. 1979)).

The Second Circuit

> ha[s] upheld the dismissal of an indictment only in very limited and extreme circumstances. In such cases, there was a need either to eliminate prejudice to a defendant in a criminal prosecution, where it was impossible to do so by imposition of lesser sanctions, or to deter a pattern of demonstrated and longstanding widespread or continuous official misconduct.

United States v. Broward, 594 F.2d 345, 351 (2d Cir. 1979) (citing United States v. Fields, 592 F.2d 647-648 (2d Cir. 1978)).

## II.    ANALYSIS

Defense counsel contends that Moy is "presumed dead," and that "pursuant to the doctrine of abatement" the charges against Moy should be dismissed, the warrant for his arrest should be vacated, and this case – as to Moy – should be closed. (Def. Oct. 30, 2023 Ltr. (Dkt. No. 262) (citing United States v. Wright, 160 F.3d 905, 908 (2d Cir. 1988); United States v. Volpendesto, 755 F.3d 448, 454 (7th Cir. 2014); United States v. Logal, 106 F.3d 1547, 1552 (11th Cir. 1997)); Def. Oct. 15, 2025 Ltr. at 1) The Government opposes defense counsel's motion, arguing that Moy disappeared under suspicious circumstances and that the U.S. Coast Guard's "Letter of Presumed Death" "is not conclusive as to the death of [Moy]." (Govt. Nov. 7, 2023 Ltr. (Dkt. No. 268); see also Govt. Nov. 4, 2025 Ltr. (Dkt. No. 542) at 1)

A criminal charge abates where the defendant dies before his or her conviction has become final. See United States v. Mladen, 958 F.3d 156, 161 (2d Cir. 2020) ("'The doctrine of abatement leaves the deceased defendant as if he had never been indicted or convicted . . . only as to those counts as to which the conviction has not yet become final.'") (quoting United States v. Brooks, 872 F.3d 78, 87 (2d Cir. 2017)).

Here, however, the circumstances of Moy's alleged death at sea are suspicious. As an initial matter, no vessel in the vicinity of the alleged incident reported a collision of any sort. The only available witness – Max Wong – is of uncertain credibility. And while the alleged collision – as described by Wong – would have been catastrophic,[2] Wong maintains that – after the alleged collision – he observed Moy alive and floating in a life ring. Despite the Coast Guard's search across 4,830 square nautical miles, Moy's body was never recovered, and his fishing boat was never found. (Def. Oct. 16, 2022 Ltr. (Dkt. No. 545); July 11, 2025 Hearing Tr. at 7:13-20)

Moy also had compelling reasons to disappear. If convicted of the charges against him, he would have likely faced a significant prison sentence and the loss of his medical license. Moreover, at the time of his disappearance, Moy was engaged in "a highly contentious [and long-running] divorce proceeding." (Def. Oct. 15, 2025 Ltr. at 1; see also Govt. Nov. 7, 2023 Ltr. (Dkt. No. 268) (citing 2022 N.Y. TIMES Article)) He was "insolvent, supported by family funds, and subject to claims from several creditors, including by his landlord who had initiated eviction proceedings." (Def. Oct. 15, 2025 Ltr. at 1) And on July 13, 2022, exactly three months before Moy's disappearance, Moy withdrew $48,150 in cash. (Oct. 19, 2022 Agent Affidavit, 22 Mag. 8360, at 4)[3]

---

[2] As the New York Times article explains,

> [i]f the Sure Shot struck a commercial ship at its cruising speed, the impact would have been instantly devastating. The bow would probably have been severely damaged, instantly flooding the cabin where the doctor was known to sleep.

(See Govt. Nov. 7, 2023 Ltr. (Dkt. No. 268) (citing 2022 N.Y. TIMES Article))

[3] This assertion is set forth in an agent's affidavit submitted in support of a request for a pen register and cell phone location information. More than three years having passed since the

Given the murky circumstances of the alleged mishap at sea, and the considerable incentives Moy may have had to orchestrate his apparent death, this Court cannot find that Moy's death has conclusively been established. Accordingly, the charges against Moy will not be dismissed pursuant to the doctrine of abatement.

## CONCLUSION

For the reasons stated above, Defendant Moy's motion to (1) dismiss the charges against him; (2) vacate the warrant issued for his arrest; and (3) close this case as to Moy (Dkt. No. 262; Def. Oct. 15, 2025 Ltr.) is denied. The Clerk of Court is directed to terminate the motion (Dkt No. 262).

Dated: New York, New York
　　　　January 7, 2026

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

---

agent's affidavit was submitted, the reasons for sealing this information no longer apply. Accordingly, the affidavit is ordered unsealed to that extent.